[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

Nos. 19-10020; 19-10027
Non-Argument Calendar

_____

D.C. Docket Nos. 5:18-cr-00045-MTT-CHW-1,
5:17-cr-00034-MTT-CHW-2

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ANDRE JAMAR CHAMBERS,

Defendant - Appellant.

_____

Appeals from the United States District Court
for the Middle District of Georgia

_____

(March 16, 2020)

Before MARTIN, ROSENBAUM and JILL PRYOR, Circuit Judges.

PER CURIAM:

Andre Jamar Chambers appeals his 60-month total sentence, imposed after he pled guilty to two separate counts of conspiracy to commit theft from a federal firearms licensee, in violation of 18 U.S.C. §§ 371, 922(u).  Chambers argues that the district court erred by declining to run his federal sentence concurrently to the state sentences he was already serving.  Chambers argues that because the district court used conduct that was prosecuted in state court as relevant conduct at sentencing, the federal and state sentences should run concurrently under the Sentencing Guidelines.  *See* U.S.S.G. § 5G1.3(b).  After careful consideration, we conclude that the district court did not use Chambers's state offenses as relevant conduct and therefore did not err in declining to run his federal sentence concurrently to his state sentences.  Thus, we affirm.

I.

Federal grand juries in the Middle and Northern Districts of Georgia indicted Chambers on firearm charges related to two burglaries.[1]  Both burglaries involved driving a stolen van into a pawn shop and stealing, among other items, firearms. Chambers consented to the transfer of his Northern District case to the Middle District, where he pled guilty in each case to one count of conspiracy to commit theft from a federal firearms licensee, in violation of 18 U.S.C. §§ 371, 922(u).

---

[1] Because we write only for the parties, we set out only the facts necessary to address Chambers's arguments.

2

A presentence investigation report ("PSR") was prepared for sentencing.  In addition to the facts of the burglaries for which Chambers pled guilty, the PSR detailed additional criminal offenses in which Chambers had participated, including a burglary of a clothing store and a home invasion.  Chambers had pled guilty in Fulton County Superior Court to each crime and was serving his sentences in state court for these offenses at the time of his federal sentencing.

At sentencing, Chambers did not object to the calculation of the Sentencing Guidelines range set forth in the PSR which, combined with his statutory maximum, indicated a guidelines range of 57 to 60 months' imprisonment.  Both parties agreed that Chambers's sentences for both federal offenses should run concurrently.

Chambers further requested that the district court run his federal sentence concurrently with his state sentences.  Chambers's counsel claimed the state-offense conduct had been taken into consideration and made reference to § 5G.3(b)(2) in the following exchange with the court:

> [DEFENSE COUNSEL:] Chambers is serving a State sentence and was writ'ed in on this case.  In that offense he was convicted in . . . 2015.  It was used as relevant conduct in this case.
>
> And so what I think, pursuant to 5G1.3(b)(2), that this case should run concurrent to the sentence that he's currently serving.  So I would ask the Court to run . . . [the] sentence this Court imposes concurrent to that sentence as well.

3

. . .

[THE COURT:] This sentence shall run consecutively to the sentences you are presently serving for Fulton County Superior Court Case 14-SC-126800.

And, Mr. Westbro[o]k, that is, among other reasons, because it was mentioned, *it was not a factor in his guideline calculations. . . .*

Doc. 36 at 8-9 (emphasis added).[2]  The district court therefore declined to run Chambers's federal sentence concurrently with his state sentences because the state sentences had not been a factor in his Sentencing Guidelines calculations.

This is Chambers's appeal.

## II.

We review a district court's legal interpretation of the Sentencing Guidelines *de novo* and the district court's factual findings on sentencing for clear error. *United States v. Barner*, 572 F.3d 1239, 1247 (11th Cir. 2009).  A district court's determination that conduct is "relevant conduct" is a finding of fact that we review for clear error.  *United States v. Valarezo-Orobio*, 635 F.3d 1261, 1264 (11th Cir. 2011).

## III.

Section 5G1.3 of the Sentencing Guidelines operates to "protect a criminal defendant from duplicative prosecutions."  *United States v. Bidwell*, 393 F.3d 1206, 1209 (11th Cir. 2004).  It does so by providing guidance for sentencing a

---

[2] "Doc. #" refers to the numbered entry on the district court's docket.

defendant who is subject to an undischarged term of imprisonment.  U.S.S.G § 5G1.3.  The relevant portion of § 5G1.3 provides: "If . . . a term of imprisonment resulted from another offense that is *relevant conduct* to the instant offense of conviction . . . , the sentence for the instant offense shall be imposed . . . to run concurrently to the remainder of the undischarged term of imprisonment."  *Id.* § 5G1.3(b)(2) (emphasis added).

Chambers argues that because the offenses for which he received his state sentences—the home invasion and burglary of the clothing store—are "relevant conduct," the district court should, under U.S.S.G. § 5G1.3(b), have imposed his federal sentences to run concurrently to his state sentences.  The government disagrees because in calculating Chambers's offense level the district court did not consider the offense conduct for which Chambers's state sentences were imposed. We agree with the government.

Section 5G1.3(b) applies where a defendant has an undischarged term of imprisonment that was "relevant conduct" to the instant offense.  *See id.*  Section 1B1.3 of the Guidelines details what conduct is to be considered relevant conduct. *See* U.S.S.G. § 1B1.3.  Where a district court did not take into account other offense conduct in determining the instant offense level, however, that conduct does not qualify as "relevant conduct" under § 1B1.3.  *See United States v. Knight*, 562 F.3d 1314, 1329 (11th Cir. 2009) (determining that § 5G1.3(b) applies where

5

"a defendant has a prior offense that is relevant to the instant offense *and resulted in an increase in the offense level of the instant offense*" (emphasis added)).

Here, even though the district court potentially could have, under § 1B1.3, considered the clothing store burglary and home invasion as relevant conduct,[3] it did not do so. Chambers argues that the conduct was used as relevant conduct, but he points to nothing in the guidelines calculation suggesting that either state offense was used in calculating his offense level. Although the PSR listed the home invasion and clothing store burglary in the description of the offense conduct and the criminal history section, the probation officer calculated Chambers's base offense level and special characteristic enhancements based solely on conduct from the pawnshop burglaries that formed the basis of his federal charges.

To the extent Chambers argues that the inclusion of the state offenses in the offense conduct section of the PSR leads to a different result, we disagree. Although the facts of the state convictions were laid out in the PSR, the district court's exchange with defense counsel at sentencing makes clear that the state offenses were not used in determining Chambers's offense level. Defense counsel argued to the court that the offense conduct supporting the state conviction "was used as relevant conduct in this case" and therefore U.S.S.G. § 5G1.3(b) applied.

---

[3] Because it is unnecessary for us to decide whether the state-offense conduct could have been relevant conduct, we do not address it.

6

Doc. 36 at 8.  In its pronouncement of the sentence, however, the district court stated that "[the] sentence shall run consecutively to the sentences you are presently serving [for the state convictions]  . . . because . . . it was not a factor in [the] guideline calculations."  *Id.* at 9.  Therefore, the record makes clear that the offense conduct for which Chambers was currently serving a state sentence was not "relevant conduct" under the Guidelines because it did not "result[] in an increase in the offense level of the instant offense."  *Knight*, 562 F.3d at 1329.

Because the district court took neither the home invasion nor the clothing store burglary into account when calculating Chambers's offense level, that conduct was not "relevant conduct" under U.S.S.G. § 1B1.3 and § 5G1.3(b).  We thus conclude that the district court did not err in declining to run Chambers's federal sentence concurrently to his state sentences.

## IV.

For the reasons set forth above, we affirm Chambers's sentence.

**AFFIRMED.**